**UNITED STATES of America,
Plaintiff,**

v.

**INTERSTATE COMMERCE COMMISSION et al., Defendants.**

**Civ. A. No. 1754–53.**

United States District Court
District of Columbia.

Dec. 21, 1955.

Supplemental Opinion March 26, 1956.

Stanley N. Barnes, Asst. Atty. Gen., James E. Kilday, Maurice A. Fitzgerald, Sp. Assts. to Atty. Gen., and Leo A. Rover, U. S. Atty., Washington, D. C., for the United States.

Edward M. Reidy, General Counsel, Leo H. Pou, Asst. Gen. Counsel, Washington, D. C., for I. C. C.

McGUIRE, District Judge.

Petitioner, United States of America, brought this action originally against the Interstate Commerce Commission and the United States of America to suspend, enjoin, set aside and annul the order of the I. C. C. in the proceeding known as United States v. Southern Railway Co., Docket No. 30326, reported in 286 I. C. C. 203.

However, since the movement of the freight involved has ceased, the Government now merely seeks compensation by way of reparations on past shipments.

Jurisdiction is based on 28 U.S.C. §§ 1336, 1398, 49 U.S.C.A. § 9 and 5 U.S. C.A. § 1009. In the light of United States v. I. C. C., 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451, the Court is satisfied that the jurisdictional requirements have been met and the proceeding is one of review.

The facts, briefly stated, are these: In 1947 plaintiff began shipping large quantities of bauxite ore from the ports of Mobile, Alabama and New Orleans, Louisiana to Bynum, Alabama via Southern Railway. The Southern Railway filed section 22 rates with the Treasury Department. These were rejected by the Government as being excessive. The price sought was the lowest rate published and scheduled by the railroad from Mobile to Lister Hill, Alabama. It based its demand on the so-called intermediate rule contained within the Tariff Rules.

■ This Rule in essence provides that points intermediate between an origin and a more distant point take the rate of the more distant point if lower than the rate to the intermediate point, and if the intermediate point is on a route permitted by the tariff to the more distant point.

[The relative locations here involved may be seen on the sketch attached.]

The rate sought by the petitioner was applicable over a route of the Southern Railway described as follows: "Southern Railway (through Parrish, Ala-

bama)." The railroad rate has been paid by the Government under protest. It is to recover the difference that this proceeding was commenced. The I. C. C. found that the "intermediate rule" did not apply. With this the Court agrees.

■■ Plaintiff cites A. E. West Petroleum Co. v. Atchison T. & S. F. Ry. Co., 8 Cir., 212 F.2d 812, 821. We have no quarrel with the result in it. In it the Court stated and properly so, that "a 'route' for 'intermediate-point'" rate purposes is subject to the limitation that it must not be unreasonable. That "unreasonableness" depends upon (a) the extent and direction of circuity, and (b) the commercial usage of a "route". The Commission found a 22.5% circuity and no commercial usage. There is substantial evidence to support this finding and its ultimate conclusion that the Rule did not apply.

■ Plaintiff further contends that the evidence in the record on the issue of reasonableness of rates was not properly appraised and taken into account. However, it may be said:

"* * * The structure of a rate schedule calls in peculiar measure for the use of that enlightened judgment which the commission by training and experience is qualified to form. * * * It is not the province of a court to absorb this function to itself. * * * The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body." Mississippi Valley Barge Co. v. United States, 292 U.S. 282, 286, 54 S.Ct. 692, 694, 78 L.Ed. 1260.

It is plain that the Commission had a rational basis for its decision.

A third point raised by the United States is whether or not it is bound by the time limitations contained in Section 16(3) (b) and (c) of the Act, 49 U.S. C.A. § 16(3) (b, c). This, in our view, by reason of the result reached here, is now moot.

Counsel will prepare tentative findings, conclusions of law and proper order.

### Supplemental Opinion

On December 21, 1955 the Court, in a memorandum opinion, D.C., 142 F.Supp. 741, decided the above entitled matter adversely to the plaintiff, United States. Before entry of judgment, however, further briefs were permitted to be filed, which in effect amounted to a rehearing.

The Court did not "completely rely" upon the so-called "expertise" of the Commission. It followed the rule laid down by the Court of Appeals in United States v. Interstate Commerce Commission, 91 U.S.App.D.C. 178, 198 F.2d 958, 964, namely, that it was " * * * to apply the standards of judicial review which are generally applicable to administrative action * * *". Those standards involve the basic standard as to "whether *on the record as a whole* there is substantial evidence * * *". Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 489–491, 71 S.Ct. 456, 466, 95 L.Ed. 456.

With reference to the other three points, it is sufficient to say that the Court in construing the tariff in the exercise of its independent, judicial function reached the same conclusion that the Commission had done, being aware of the fact, also, that since " 'the tariff is written by the carrier, all ambiguities or reasonable doubts as to its meaning must be resolved against the carrier. Not only is this simply an application of the general rule as to construction of written contracts and instruments, but, when the place occupied by transportation and the situation of shippers are considered, it is particularly useful in application to tariffs. *The construction should be that meaning which the words used might reasonably carry to the shippers to whom they are addressed.' "* [Emphasis supplied.] United States v. Interstate Commerce Commission, 91 U.S.App.D.C. 178, 198 F.2d 958, 966, quoting from Union Wire Rope Corp. v. Atchison, T. & S. F. Ry. Co., 8 Cir., 66 F.2d 965, 966–967, certiorari denied 290 U.S. 686, 54 S.Ct. 122, 78 L.Ed. 591. Application of this rule to the tariff in question clearly indicates to the Court that the routing instructions were specific and admit of no ambiguity.

From an examination of the tariff Exhibit in the proceedings before the Commission, it is perfectly clear (p. 219) that the routing instructions are "specific" and following that document down the column on the left, indicating the route referred to therein, SR–35 is denominated "Sou. (through Parrish, Ala.)" The Government contends that if Southern desired to except the route through Anniston from the application of the general terms of the intermediate rule, it should have done so in clear language. It is difficult to see how what is specifically clear could be made any clearer, except perhaps, conceivably, language specifying Burstall, the intermediate point just below Birmingham, could have been used. But as the Court has concluded and as the Commission observed, "considering the plan of the tariff it could be argued with greater force that if it had been defendant's purpose to provide an *indirect* route such as that claimed, Anniston should also have been specified." (Italics supplied.)

Counsel for the Government have urged these points with ability and commendable zeal, but the Court is unable to find that they are persuasive or controlling.

Judgment for defendant. Order accordingly.