ASSOCIATED GROCERS OF COLO-
RADO, INC., et al., Plaintiffs,

v.

ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY et al.,
Defendants.

Civ. No. 6486.

United States District Court
D. Colorado.

March 2, 1961.

⊛~170

Albert L. Vogl and William F. Rey-
nard, Denver, Colo., for plaintiffs.

T. A. White and Ernest Porter, Den-
ver, Colo., for defendants.

KERR, District Judge (assigned).

This is an action to enforce a repara-
tion order of the Interstate Commerce
Commission entered in favor of plaintiffs
as shippers and against the defendants-
carriers. 49 U.S.C.A. § 16(2).

On August 27, 1958, the Commission
directed defendants to pay to plaintiffs
on or before October 14, 1958, the total
sum of $2,501.34, together with interest
at the rate of 4% per annum from the
dates of payments of the assailed
charges.

The Commission's award was ordered
as reparation on account of inapplicable
rates charged and collected by defend-
ants for the transportation of seventeen
carload shipments of canned goods from
San Jose and Oakland, California, and
from Forest Grove, Oregon, to Denver
and Pueblo, Colorado.

The jurisdictional requirements are
satisfied. 28 U.S.C. § 1336. Plaintiffs
allege that defendants unlawfully
charged and collected transportation
rates in excess of the lawful published
rates. Defendants deny that the rates
charged and collected were unlawful and
admit that they have not complied with
the order of the Commission. As affirm-
ative defenses defendants allege that the
Commission erroneously concluded that
the freight charges collected by defend-
ants were inapplicable, and that the re-
port and order of the Commission were
erroneous in that the Commission failed
to find that the freight charges claimed
by plaintiffs were inapplicable under the
provisions of certain Items of the Trans-
Continental Freight Bureau Eastbound
Tariff and certain of the Trans-Continen-
tal Freight Bureau Territorial Direc-
tories. Defendants allege, also, that the
Report and Order of the Commission are
erroneous in that the Commission failed
to find that the routes over which the

freight charges claimed to be applicable by plaintiffs were sought to be applied are so illogical, unnatural and unduly circuitous as to be inapplicable. A pretrial conference was held and the parties submitted an agreed statement of facts comprising the entire record before the Interstate Commerce Commission, which record, it was agreed, constitutes the record before this Court. It was further agreed that if the report and order of the Interstate Commerce Commission are upheld, plaintiffs are entitled to judgment as prayed, and if any of the contentions of defendants are upheld by this Court, then plaintiffs are entitled to no recovery.

■ In construing the tariff the Commission determined what lawful rates were applicable to the shipments in issue by resolving the controverted routing provisions in various Items of defendants' tariff. The undisputed training, experience and technical knowledge of the Commission deserve recognition and respect in this specialized field of tariff construction. The Court's sole function is to determine whether there is a rational basis for the Commission's conclusions. United States of America v. Interstate Commerce Commission et al., D.C.1955, 1956, 142 F.Supp. 741. It is not the province of this Court to usurp the exclusive primary jurisdiction of the Interstate Commerce Commission. The principle of limited jurisdiction of the courts in matters of this nature is too well entrenched in our jurisprudence to merit further reasoning or analysis. It is well founded on sound reason and good judgment. I am not disposed to ignore the admonition that " * * * the courts must not only refrain from making tariffs, but under certain circumstances, must decline to construe them as well". United States v. Western Pacific Railroad Co. et al., 1956, 352 U.S. 59, 77 S.Ct. 161, 166, 1 L.Ed.2d 126; L. T. Barringer & Co. v. United States et al., 1943, 319 U.S. 1, 63 S.Ct. 967, 87 L.Ed. 1171; Mississippi Valley Barge Line Co. v. United States et al., 1934, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260; Virginian Railway Company v. United States et al., 1926, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463; New Process Gear Corporation v. New York Central Railroad Company, 2 Cir., 1957, 250 F.2d 569, rehearing denied 1958, 356 U.S. 959, 78 S.Ct. 996, 2 L. Ed.2d 1066; Northwestern Auto Parts Company v. Chicago, Burlington and Quincy Railroad Company, 8 Cir., 1957, 240 F.2d 743, rehearing denied 1957, 355 U.S. 815, 78 S.Ct. 16, 2 L.Ed.2d 32; Baltimore & O. R. Co. et al. v. Domestic Hardwoods, Inc. et al., 1933, 62 App.D.C. 142, 65 F.2d 488.

■ It is apparent from the record that the Commission's Report does contain material findings of fact and that its decision is consistent with and supported by substantial evidence and is within the confines of the law. The facts, as they appear in the report of the Commission and upon which its order is based, fully appear in Associate Grocers of Colorado, Inc. et al. v. Atchison, Topeka & Santa Fe Railway Company et al., 300 I.C.C. 17, and need not be repeated here.

On March 16, 1955, plaintiffs filed their complaint before the Interstate Commerce Commission, pursuant to the modified procedure, alleging that the rates charged on shipments of canned goods from numerous points in California, Oregon and Washington, to points in Colorado and New Mexico were inapplicable, unjust and unreasonable. Abandoning their charge that the rates were unjust and unreasonable, plaintiffs offered no evidence in support thereof at any stage of the proceedings and therefore it was properly disregarded by the Commission. Defendants charged and collected the commodity rate of $1.24 which was published in Section 2 in Item 3,800 series of Agent Kipp's I.C.C. No. 1547 and of Alternate Agent C. J. Hennings' tariff I.C.C. No. 1552. This rate was subject to the provision that if the charge under section 1 of the tariff is lower than that under section 2, then the charge accruing under section 1 will

apply. This alternate provision was in turn subject to a note C which provided that through rates constructed on the basis authorized in Item 44, relating to aggregates of intermediate rates, would apply when a lower charge resulted than at the rates published in section 2 of the tariff. In the Commission's report it is stated that the rates in Item 3,800 were published on a group basis and were applicable from points taking rate bases 1 or 4 to points taking group J rates, the latter group embracing the towns in Colorado to which plaintiffs' shipments were made. Plaintiffs' shipments to Albuquerque, New Mexico, moved only from rate basis 4 points. The Commission reported that in the absence of specific rates from group 4 to this destination, group J rates were applied under an appropriate intermediate rule in section 2 of the tariff. The report states also that the rates published in Item 3,800 were subject to the general routing provisions of the tariff.

Plaintiffs assert that the rate of 99 cents which is published in Item 632 series in section 1 of the tariff is applicable to their shipments. Such rate was applicable on canned goods from points taking rate basis 1 to Sheridan, Wyoming. Section 1 of the tariff contained no rates specifically on canned goods from rate basis 4 points. In Item 632 of tariff I.C.C. No. 1552, it is provided that the rate of 99 cents applies "via Gateways referred to opposite point of origin in T.C.F.B. Territorial Directory". Section 1 of the tariff also provides separate origin and destination intermediate rules. Plaintiffs bottom their claim that the 99 cent rate is applicable on the theory that defendants should have applied the alternating rules and the destination intermediate rule, or a combination of the origin and destination intermediate rules. Plaintiffs contend also that by application of the aggregate-of-intermediate rule, the 99-cent rate was applicable in combination with the local rates to make aggregate rates lower than the rate of $1.24.

Defendants amended the routing in Item 632, effective to movements after August 1, 1953, by adding the words "Via Laurel, Mont., thence C. B. & Q". Contrary to defendants' position that the 99 cent rate applies only through the Laurel, Montana, gateway and the Chicago, Burlington & Quincy Railroad, the Commission found that this limitation of the specific routing was not applicable in connection with Item 632 rates at the time that plaintiffs' shipments were made.

Upon the basis of the factual situation before it and the applicable items of the tariff, the Commission found that "at the time these shipments moved there were routes in effect through California, Colorado, and New Mexico from rate basis 1 points to Sheridan over which the considered origins or destinations, or both, were intermediate in conformity with the provisions of the intermediate rules of section 1 of the above-named tariff". The Commission added that it was "equally clear that in other instances lower combinations were available by using the 99-cent rate as a factor to or from the nearest intermediate point on routes from rate basis 1 points to Sheridan, plus the local rate from or to the considered points, and applying the resulting combination over all routes as provided in the aggregate-of-intermediates rule of the tariff". (300 I.C.C. 17, at page 21.) It concluded, therefore, that the plaintiffs' claim that the 99 cent rate is applicable and warranted.

Defendants complain that the Commission erred in that it did not make an express finding of the alleged fact that the routes sought by plaintiffs were illogical, unnatural and unduly circuitous. This objection is without merit. The record contains insufficient evidence to substantiate defendants' contention. The Commission expressly and properly passed on this issue when it found that specific routing was provided in connection with Item 632 rates; that the reasonableness of the circuity of routes may not be considered by the Commission where routing

is definitely or specifically provided by the carrier; and that if the defendants considered the routes to be unduly circuitous they should have exempted them from the terms of the intermediate rules of the tariff.

The foregoing summary of the facts and findings of the Commission provides a sound basis for my holding that the Commission's construction of defendants' tariff and routings is not strained, unreasonable or unnatural, and that the Order of the Commission must be upheld. I find, therefore, that plaintiffs are entitled to damages awarded them by the Commission in the amount of $2,501.34, together with interest thereon as provided in the Order of the C'ommission, together with all costs incurred, including in such costs the sum of $850 as attorneys' fees.

The facts herein stated and the conclusions of law herein expressed shall be considered the Findings of Fact and the Conclusions of Law. Plaintiffs will submit Judgment in accordance with this memorandum within 15 days from this date and the clerk will enter an order accordingly.